## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARJORIE WILLIAMS,** ) | CIV. ACTION NO. |
| **DWIGHT GREEN, SHIRLEY DAVIS,** ) | |
| **ANNIE B. BELL GREEN, EMILY DOZE JONES,** ) | |
| **AND SONNY SPENCE** ) | JUDGE: |
| ) | |
| *Plaintiffs* ) | |
| ) | MAGISTRATE: |
| **VERSUS** ) | |
| ) | |
| **PETRO-CHEM OPERATING CO., INC.** ) | |
| ) | |
| *Defendant* ) | |

## COMPLAINT

**NOW COMES, MARJORIE WILLIAMS**, a person of the full age of majority and domiciled in Los Angeles County, State of California; **DWIGHT GREEN**, successor in interest to Pauline Bell Darrett, a person of the full age of majority and domiciled in Los Angeles County, State of California; **SHIRLEY DAVIS**, successor in interest to Pauline Bell Darrett, a person of full age of majority and domiciled in Los Angeles County, State of California; **ANNIE B. BELL GREEN**, a person of full age of majority and domiciled in Los Angeles County, State of California; **EMILY DOZE JONES,** a person of full age of majority and domiciled in Los Angeles County, State of California; and, **SONNY SPENCE**, successor in interest to Lois Bell Spence, a person of full age of majority and domiciled in Mecosta County, State of Michigan, who file this, as follows:

1.

Made Plaintiffs herein are **MARJORIE WILLIAMS, ANNIE B. BELL GREEN, DWIGHT GREEN**, successor in interest to Pauline Bell Darrett, **SHIRLEY DAVIS**, successor

in interest to Pauline Bell Darrett **EMILY DOZE JONES, AND SONNY SPENCE**, successor in interest to Lois Bell Spence.  They are owners of separate property that consist of portions of leased property comprised of 159.987 acres, more or less, located in the Northeast Quarter of Section 14, Township 23 North Range 7 West, as described in Office of Conservation No. 105-J-70, East Haynesville Field, Claiborne Parish, Louisiana, referred to a "Newell, et al 14-8 No. 1."

2.

Made Defendant herein is **PETRO-CHEM OPERATING CO., INC.**, a Louisiana corporation domiciled in Caddo Parish, Shreveport, Louisiana, which is a lessee of property referred to as "Newell, et al 14-8 No. 1."

## JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Honorable Court has jurisdiction over the parties in this matter and venue is proper in this Court pursuant to 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

4.

Plaintiffs have ownership in property, including Township 23 Norther, Range 7 West, Section 14, NW/4 of NE/4, that was leased to Antero Energy Partners, LLC on April 10, 2013. *See* Exhibit A.[1]

5.

The lease specifically allowed lessee the "exclusive right to enter upon and use the land. . . for the exploration for and production of oil, gas, Sulphur and all other minerals, together with

---

[1] Each Plaintiff executed a lease that is substantively similar to the lease attached as Exhibit A.

the use of the surface of the land for all purposes." The lease provides for the payment of royalties to Plaintiff.  *See* Exhibit A, ¶¶ 4, 5, and 8 and Exhibit A to the lease.

6.

On December 30, 2013, Antero assigned its interests in the lease to AIX Energy, Inc.

7.

Upon information and belief, AIX subsequently contracted with Defendant, Petro-Chem Operating Co., Inc. to act as an operator of wells placed on Plaintiff's property, and Petro-Chem is obligated to make the royalty payments required by the lease.  In fact, Petro-Chem has made certain royalty payments demonstrating its contractual and legal obligations to do so.

8.

During the term of the lease, Petro-Chem failed to make the required royalty and interest payments that were due under the lease.

9.

Plaintiff, therefore, issued a Notice of Default to Petro-Chem on December 3, 2018.

10.

In correspondence dated December 12, 2018, Petro-Chem took the position that it was justified in withholding royalty payments because Plaintiff allegedly failed to return a signed division order to Petro-Chem in 2016.

11.

Petro-Chem further took the position that Plaintiff failed to provide any corrections to her name, address, and social security number on the division order as requested in a letter dated October 26, 2016.  In that correspondence, Petro-Chem requested that Plaintiff "make any necessary correction of your name and address on the division order."

12.

Notably, Plaintiff had no corrections to make to her name, address, and social security number;  there was *no reason* for Plaintiff to return the division order.

13.

Further, the requested name, address, and social security numbers had been provided prior to the division orders referenced in the Petro-Chem October 26, 2016 correspondence, and the law certainly does not require that this type of information be provided each time a royalty payment is scheduled or any other periodic basis.

14.

After Plaintiff spoke to representatives of Petro-Chem and exchanged written correspondence with Petro-Chem in late 2018, Petro-Chem paid royalties to Plaintiff but failed to pay any interest or penalties that were due under the terms of the lease and Louisiana law.

15.

Petro-Chem's alleged justification for withholding royalty payments is meritless and wholly unsupported by the clear and unambiguous language in pertinent Louisiana law, which applies in this case.

### CLAIM 1:  BREACH OF CONTRACT OF LEASE

16.

The lease specifically provides: "The royalties to be paid by Lessee are: (a) on oil, gas, and other hydrocarbons which are produced at the well in liquid form by ordinary production methods."   Exhibit A, ¶4.

17.

The lease further provides that "annual payments herein provided for" were to be "[paid] directly to Lessor [Plaintiff]." Exhibit A, ¶5.

18.

The lease further states: "If Lessor owns a less interest in the above described land than the entire and undivided fee simple estate herein, then the payments herein provided shall be paid to Lessor [Plaintiff] only in the proportion which Lessor's interest bears to the whole and undivided fee."

19.

Petro-Chem, through agreements with Antero and/or AIX, was obligated to pay the required royalties. In fact, Petro-Chem, at some point, belatedly made royalty payments to Plaintiff demonstrating that it had such an obligation.

20.

It is well-established that failure to make royalty payments in a reasonable time constitutes a breach of the lease. *See, e.g., Bailey v. Meadows*, 130 So. 2d 501 (La. App. 2d Cir. 1961).

21.

It is further well-established that any subsequent payment of royalties, when payments were unreasonably late, constitute a breach of the lease. *See, e.g., Pierce v. Atlantic Refining Co., et al.*, 140 So. 2d 19 (La. App. 3d Cir. 1962).

22.

Petro-Chem's failure to timely make royalty payments constitutes a breach of the lease, and Plaintiff is entitled to damages for such a breach.

**CLAIM 2: DAMAGES UNDER LA. R.S. 31:138.1**

23.

La. R.S. 31:138.1(C) provides: "The execution of a division order is not a condition precedent to receiving payment from a lessee. The lessee shall not withhold royalty payments because his lessor has not executed a division order." *See also Oracle 1031 Exch., LLC v. Bourque*, 2011-1133 (La. App. 3 Cir. 2/8/12), 85 So. 3d 736, 741–42 (holding that Louisiana law precludes the lack of a division order as a reasonable basis for withholding payment of royalties, that a lessee knows that it has to pay royalties to someone, the lessee could have instituted a concursus proceeding if it was uncertain of who the payments should be directed, and failing to pay or institute a concursus was willful and unreasonable).

24.

La. R.S. 31:138.1(D) provides, in pertinent part: "If the lessee fails to pay royalties solely because his lessor has not executed a division order as defined in this Article, the court shall award as damages double the amount of royalties due, legal interest on that sum from the date due, and reasonable attorney's fees."

25.

Louisiana Mineral Code art. 140 provides, in pertinent part:

If the lessee fails to pay royalties due or fails to inform the lessor of a <u>reasonable cause</u> for failure to pay in response to the required notice, the court may award as damages double the amount of royalties due, interest on that sum from the date due, and a reasonable attorney's fee regardless of the cause for the original failure to pay royalties. (Emphasis added).

*See also Gloria's Ranch, L.L.C. v. Tauren Expl., Inc*., 2017-1518 (La. 6/27/18), 252 So. 3d 431, 444.

26.

Petro-Chem's failure to pay royalties for a period of time based upon an assertion that a division order was not executed does not constitute reasonable cause for failing to pay under the Louisiana Mineral Code.

27.

Louisiana law clearly provides that execution of the division order was not a condition precedent for payment of the royalties by Petro-Chem.

28.

Further, even if Petro-Chem requested Plaintiff's name, address, and social security number in October 26, 2016 correspondence, such request asked Plaintiff to "make any necessary correction[s]."

29.

No corrections were needed, and the information had been previously provided. Petro-Chem had no reasonable cause to withhold royalty payments.

30.

Plaintiff, therefore, is entitled to damages under La. R.S. 31:138.1 and the Louisiana Mineral Code.

**DEMAND FOR JURY TRIAL**

31.

Plaintiff hereby requests that this matter be set for trial by jury.

**WHEREFORE**, a Plaintiff prays that the Defendants be cited and served with this Petition and that after all delays have elapsed and due proceedings are held that there be judgment in her favor as follows:

A. Any and all damages incurred as a result of Defendant's breach of the lease;

B. Pursuant to La. R.S. 31:138.1(D), damages in the amount of double the amount of royalties that were improperly withheld, interest from the date the royalties were due, and reasonable attorney's fees;

C. Any and all other relief under law and equity.

**RESPECTFULLY SUBMITTED:**

*/s/ Sharonda R. Williams*

Sharonda R. Williams (La. Bar No. 28809)
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
(t): 504-586-5252
(f): 504-586-5250
*Counsel for Plaintiff*

**PLEASE SERVE:**

Petro-Chem Operating Co., Inc.
Through its registered agent for
Service of process
Larry L. Hock
416 Travis Street, Ste. 812
Shreveport, LA  71101